# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUGUSTINO SMITH, : <br> : <br> Petitioner : <br> :    CIVIL NO. 3:CV-16-2226 <br> v. : <br> :    (Judge Caputo) <br> MARY SABOL, : <br> : <br> Respondent : | |

**M E M O R A N D U M**

## I. Introduction

On November 3, 2016, the Court received and docketed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by *pro se* Petitioner Augustino Smith, a native and citizen of Jamaica, who has been in the custody of the United States Immigration and Customs Enforcement (ICE) since January 8, 2016. Mr. Smith argues that while he is currently being held subject to a reinstated order of removal, it is not a final order, and therefore 8 U.S.C. § 1226 and not 8 U.S.C. § 1231(a)(6) governs his detention. He seeks an individualized bond hearing before an Immigration Judge (IJ) or his release under supervision. (ECF No. 1.) Respondents have filed an answer (ECF No. 9) and Mr. Smith has filed a reply (ECF No. 11.) Also pending before the Court are Petitioner's motion for preliminary injunction and motions to expedite. *See* ECF Nos. 3, 18, 19 and 22.

Having considered the parties' positions, relevant legal authority, and the record in this case, the Court will deny Mr. Smith's pending motions as moot, dismiss the Petition, but require ICE to provide Mr. Smith with a Post-Order Custody Review if he has not yet had one in the past thirty days.

**II.     Background**

Mr. Smith, a native and citizen of Jamaica, was admitted to the United States as a Lawful Permanent Resident on October 13, 1987.

On October 6, 1997, Mr. Smith was convicted of possession of a Controlled Dangerous Substance on School Property and served an aggregate sentence of one year. Petitioner was also convicted of two counts of Robbery and sentenced to twelve-years' confinement. (ECF No. 9-1.)

Based on his convictions, in March 1999 ICE served Mr. Smith with a Notice to Appear (NOA) and charged him as removable pursuant to Sections 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act (INA). An Immigration Judge (IJ) ordered his removal on September 21, 1999. On January 26, 2002, Mr. Smith was removed from the United States to Jamaica.

At an undisclosed time and place in 2002, Mr. Smith reentered the United States without inspection or approval. On June 29, 2009, a federal grand jury returned a one-count Indictment charging him with illegal re-entry under 18 U.S.C. § 1326(a) and (b)(2). On October 31, 2014, Petitioner was convicted, via a guilty plea, of Reentry of a Deported Alien in the United States District Court for the District of New Jersey. He

was sentenced on November 2, 2014, to a term of 71 months' imprisonment with the Bureau of Prisons (BOP).

On June 17, 2014, he was served with a Notice/Intent to Reinstate a Prior Order of Removal pursuant to Section 241(a)(5) of the INA. On January 8, 2016, following his release from the BOP, Mr. Smith entered ICE custody. After expressing fear of persecution or torture if removed to Jamaica because he is bisexual, Mr. Smith's claims were forwarded to an Asylum Officer for adjudication. The Asylum Officer determined Petitioner had a reasonable fear of persecution or torture in Jamaica and referred Mr. Smith's case to the IJ for "withholding-only" proceedings.

In the interim, on March 30, 2016, ICE issued a Decision to Continue Mr. Smith's Detention. Based on his criminal history, ICE declared Mr. Smith was a danger to the community. ICE also determined that he was a flight risk because when ICE arrested him, he was in possession of fraudulent identification documents, coupled with the fact that he successfully evaded border patrols when he illegally re-entered the United States. (ECF No. 9-1, pp. 12 – 13.)

On May 17, 2016, the IJ denied Mr. Smith's request for withholding of removal to Jamaica under INA 241(b)(3) because of his conviction of a particularly serious crime (robbery and possession with intent to distribute). The IJ also denied Petitioner's request for withholding and deferral to Jamaica under the Convention Against Torture (CAT), 8 C.F.R. §§ 1208.16(c) and 1208.17(a), because he did not prove that it was more likely than not that he would be tortured if removed to Jamaica. (ECF No. 9-1, pp. 15 - 27.) Finally, the IJ ordered Mr. Smith's removal to Jamaica based on his prior

order of removal. (*Id*.) Mr. Smith appealed the denial of his withholding of removal to Jamaica and CAT claims to the Board of Immigration and Appeals (BIA).

On September 8, 2016, the BIA affirmed the IJ's determination that Mr. Smith was statutorily ineligible for withholding of removal under the INA based on his robbery and possession convictions. (*Id*., pp. 29 – 31.) The BIA also affirmed that Petitioner had not established his eligibility for deferral of removal under the CAT as he failed to show that, it was more likely than not, he would be tortured by, or with the acquiescence of, the Jamaican government upon his removal from the United States due to his bisexuality. (*Id.*) Mr. Smith then filed a Petition for Review with the United States Third Circuit Court of Appeals. *See Smith v Att'y Gen. of the United States*, C.A. No. 16-3645 (3d Cir. 2016).[1]

On September 16, 2016, the Third Circuit Court of Appeals issued an order temporarily granting Mr. Smith's motion for stay of removal in accordance with its standing practice order. (*Id*.) On September 26, 2016, Mr. Smith received another custody review. (ECF No. 9-1, p. 36.) ICE determined that "[d]ue to the pending review of [Mr. Smith's] case by the 3nd (sic) Circuit Court of Appeals ICE is unable to proceed with [his] removal at this time. Pending a ruling on [his] case, [Mr. Smith was] to remain in ICE custody." (*Id*., p. 36.)

On November 3, 2016, Mr. Smith filed his habeas petition in this matter.

---

[1] The Court takes judicial notice of the docket of Mr. Smith's Petition for Review and other matters before the Third Circuit Court of Appeals which is viewable via the federal judiciary's Public Access to Court Electronic Records (PACER) service at https://www.pacer.gov.

On November 22, 2016, the Third Circuit Court of Appeals lifted its stay of removal in conjunction with its Order denying Mr. Smith's motion to stay removal. *See Augustino Smith v. Att'y Gen. of the United States*, C.A. No. 16-3645 (3d Cir. 2016). On March 24, 2017, Mr. Smith filed another motion to stay removal with the circuit court. The Third Circuit Court of Appeals treated his motion as one of reconsideration and denied it on April 12, 2017. (*Id*.) On April 17, 2017, Mr. Smith filed an Application for Stay of Removal with the Supreme Court of the United States pending resolution of his Petition for Review. *Smith v. Sessions*, No. 16A990 (US 2017). The Supreme Court denied his application on April 18, 2017.

On June 22, 2017, the Third Circuit Court of Appeals dismissed Mr. Smith's Petition for Review of the BIA's denial of his request for deferral of removal under the CAT. *See Augustino Smith v. Att'y Gen. of the United States*, C.A. No. 16-3645 (3d Cir. 2016). Mr. Smith then filed a motion to stay his removal pending his petition for certiorari to the United States Supreme Court. (Id.) The Third Circuit Court denied the motion on July 21, 2017.

On August 3 and 11, 2017, Mr. Smith filed motions to stay his removal with the Third Circuit Court of Appeals. *Augustino Smith v. Att'y Gen. of the United States*, C.A. No. 17-2696 (3d Cir. 2017). On August 17, 2017, Mr. Smith was granted a temporary stay of removal. *Augustino Smith v. Att'y Gen. of the United States*, C.A. No. 17-2810 (3d Cir. 2017). On August 22, 2017, the Third Circuit Court of Appeals granted the Government's motion to dismiss Mr. Smith's Petition for Review for lack of jurisdiction and denied his stays of removal. *Augustino Smith v. Att'y Gen. of the United States*,

C.A. 17-2696 (3d Cir. 2017). On August 31, 2017, the Third Circuit Court of Appeals vacated the August 17, 2017, temporary stay of removal and denied Petitioner's motion for a stay of removal. *Augustino Smith v. Att'y Gen. of the United States*, C.A. No. 17-2810 (3d Cir. 2017).

At this point Mr. Smith has been in ICE custody for slightly over twenty months. His last custody review was in September 2016.

**III.	Discussion**

Mr. Smith challenges his continued detention by ICE pending his removal. When he initiated this action, he was in withholding of removal only proceedings and was challenging the BIA's denial of his deferral of removal pursuant to the CAT. (ECF No. 1, Pet.)

While he sought administrative and judicial review of the ICE's denial of his deferral of removal claim, the parties dispute whether his detention was governed by 8 U.S.C. § 1226 (the pre-removal statute) or 8 U.S.C. § 1231 (the post-removal statute). Resolution of this issue is relevant for the purpose of determining what statute governs Mr. Smith's detention. *See Leslie v. Att'y Gen. U.S.*, 678 F.3d 265, 270 (3d Cir. 2012) ("Because detention under the two statutes is governed by different standards, [the court] must determine which statute has provided the authority for [the alien's] detention at a given time.")

While there is a split within this district,[2] and numerous courts of appeals, as to whether an alien subject to a reinstated order of removal who applies for withholding of removal under the CAT, is subject to a "final" order of removal for the purposes of challenging their prolonged detention, pursuant to 8 U.S.C. § 1231 or 8 U.S.C. § 1226, this Court has already spoken on the subject. In *Dutton-Myrie v. Lowe*, No. 13-2160, 2014 WL 5474617, at *3 – 4 (M.D. Pa. Oct. 28, 2014), this Court held that an alien detained under a reinstated order of removal who proceeds with withholding of removal proceedings is detained under 8 U.S.C. § 1231(a) and not 8 U.S.C. § 1226. As Mr. Smith's prior order of removal is reinstated from its original date, it is not subject to being reviewed or reopened. *See* 8 U.S.C. § 1231(a)(5). He is subject to a final order of removal; the only question presented in deferral of removal claim is to where he will be removed. Thus, as Respondent contends, Mr. Smith's detention from January 8, 2016 forward has been pursuant to 8 U.S.C. § 1231(a). S*ee Leslie*, 678 F.3d at 268 – 269 ("Once removal proceedings terminate in an order of removal … the alien's detention is governed by 8 U.S.C. § 1231(a)." To the extent Mr. Smith's argues that he was detained pursuant to 8 U.S.C. § 1226 while ICE and the Third Circuit Court of Appeals issued a stay of his removal, he is mistaken. As noted in *Jackson v. Att'y Gen.*

---

[2] This district is split as to whether aliens, subject to a reinstated removal order are detained pursuant to 8 U.S.C. § 1226 or 8 U.S.C. § 1231. *Compare Bucio-Fernandez v. Sabol*, No. 1:17-cv-0195, 2017 WL 2619138, at *3 (M.D. Pa. Jun. 16, 2017) (Kane, J.) (alien subject to reinstated order of removal is governed by 8 U.S.C. § 1231(a) rather than 8 U.S.C. § 1226(a) because order of removal is not subject to review and an application for withholding of removal does not "reopen a final order of removal and return the individual to pre-removal status" as it does not alter his prior removal order, it only affects to where the alien may be removed), with *Mendoza-Ordonez v. Lowe*, No. 1:16-CV-1777, 2017 WL 3172739, at ** 8 - 9 (M.D. Pa Jul. 26, 2017) (Caldwell, J.) (alien subject to reinstated removal order while involved in "ongoing withholding-of-removal proceedings" where the circuit court stayed his removal, is detained under 8 U.S.C. "§ 1226, not §1231" in part "to avoid constitutional concerns regarding [alien's] prolonged detention").

*U.S.*, 663 F. App'x. 245, 246 n.1 (3d Cir. 2016), "the removal period is not delayed by *every* judicially entered stay" and that where a stay of removal is "not issued in connection with [the court's] review of a removal order" the stay does not alter the removal period. Thus, Mr. Smith's belief that an administrative or judicial stay of his removal order, based on the need to review his CAT claims and not his removal order itself is misplaced. His detention since January 8, 2016, has, and still is, pursuant to 8 U.S.C. § 8 U.S.C. § 1231.

Having determined that Mr. Smith's entire period of ICE detention since January 8, 2016, has been governed by 8 U.S.C. § 1231 and not 8 U.S.C. § 1226, the Court must now examine his claim whether his prolonged detention, over twenty months, violates his due process.

Section 1231 governs detention after an order of removal becomes administratively final. *Leslie,* 678 F.3d at 270 ("the purpose of § 1231 detention is to secure an alien pending the alien's certain removal"). The Attorney General has ninety days to remove the alien from the United States after the alien's order of removal becomes final. 8 U.S.C. § 1231(a)(1)(A). During this "removal period," detention of the alien is mandatory. *See* 8 U.S.C. § 1231(a)(2). After the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision.

*See* 8 U.S.C. §§ 1231(a)(3) and (6).[3] However, § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689, 121 S.Ct. 2491, 2498, 150 L.Ed.2d 653 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699, 121 S.Ct. at 2503.

Following *Zadvydas*, 8 CFR §§241.13 and § 241.4 were promulgated to meet the criteria established by the Supreme Court and to provide the necessary procedural safeguards to ensure the detention of an alien beyond the removal period comports with due process requirements. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit (HQPDU) for further custody review. 8 C.F.R. §241.4(k)(l)(ii). Once jurisdiction is transferred, an eligible alien may submit a

---

[3] Section 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(A)(1)(C), 1227(a)(2) or 1227(a)(4) of this title of who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

written request for release to the HQPDU asserting the basis for the alien's relief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1). "The alien may submit whatever documentation to the HQPDU he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. "Once the six-month period has passed, the burden is on the alien to 'provide [ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future …' *Zadvydas v. Davis,* 533 U.S. 678, 701 (2001). Only then does the burden shift to the Government, which 'must respond with evidence sufficient to rebut that showing.' *Id*." *Barenboy v. Att'y Gen. of U.S.,* 160 F. App'x. 258, 261 n. 2 (3d Cir. 2005).

Here, Mr. Smith has been in ICE custody since January 8, 2016. His previous order of removal was reinstated on June 17, 2014. (ECF No. 9-1, p. 6.) Thus, his presumptively reasonable six month removal period began running as of the date he was placed in ICE custody, January 8, 2016. Only because of his right to seek withholding of removal under the CAT was his removal stayed by ICE and the Third Circuit Court of Appeals. Those proceedings ceased in June 2017. Thus, Mr. Smith has not demonstrated that he is entitled to relief under *Zadvydas*, which held that if removal is no longer significantly likely in the reasonable foreseeable future, continued detention is not authorized by statute. *Zadvydas*, 533 U.S. at 690, 121 S.Ct. at 2499. Mr. Smith has not met his burden of proof to show that ICE will not be able to remove him to Jamaica as they did once before. Consequently, he has not shown that his detention is statutorily unauthorized or violates due process. *See e.g. Joseph v. United*

*States*, 127 F. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of a § 2241 petition challenging detention pursuant to § 1231(a)(6) because petitioner did not provide "good reason" to believe there is no likelihood of removal); *Soberanes v. Comfort*, 388 F.3d 1305 (10th Cir. 2004) (same). Accordingly, this claim must be dismissed.

As for Mr. Smith's request for a bond hearing, he is not entitled to such relief pursuant to 8 U.S.C. § 1231(a). Removable aliens such as Mr. Smith who are held beyond the presumptively reasonable six month removal period are subject to release or continued confinement at the discretion of the Attorney General. *See* 8 U.S.C. §1231(a)(6). Mr. Smith's prior custody review noted that he was a high flight risk and potential danger to the community because of the nature of his criminal history. (ECF No. 9-1, pp. 12 – 13.) The record before the Court reveals Mr. Smith's last custody review occurred almost a year ago, September 26, 2016. (*Id*., p. 36) (noting "ICE is unable to proceed with your removal at this time. Pending a ruling on your [Motion for Review], you are to remain in ICE custody.") "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701, 121 S.Ct. at 2505. At this point, out of an abundance of caution for this *pro se* litigant, the Court directs that ICE treat Mr. Smith's petition for writ of habeas corpus as a written request for a Post-Order Custody Review pursuant to 8 C.F.R. §§ 241.4 and 241.13.

**IV. Conclusion**

Based on the foregoing, Mr. Smith's motion for preliminary injunction (ECF No. 3) will be denied, his Motions to Expedite (ECF Nos. 18, 19 and 22) will be denied, and the petition for writ of habeas corpus will denied. ICE will be ordered to treat Mr. Smith's petition as a request for a Post-Order Custody review. ICE shall respond to his request within thirty days.

An appropriate Order follows.

/s/ A. RICHARD CAPUTO
A. RICHARD CAPUTO
United States District Judge

**DATE: SEPTEMBER 25, 2017**